CHARLES H. ROSS, Respondent, v. MARION ROSS, Appellant.— This is an appeal from an order of the Special Term entered in the Saratoga county clerk's office on November 28, 1940, denying a motion by the defendant to vacate a decree of separation heretofore granted herein to the plaintiff and for a new trial or in the alternative to have provision made for the support and maintenance of defendant. A judgment of the Supreme Court entered in the Saratoga county clerk's office on August 7, 1931, after a trial, granted to the plaintiff a separation from the defendant on the ground of cruel and inhuman treatment. It directed that the parties should live apart without obligation or liability on the part of the plaintiff for the support or maintenance of the defendant. An appeal was taken by the defendant but it was discontinued on December 9, 1931, by stipulation. In the meantime the plaintiff had been paying the defendant $60 per month for her support and such payments continued until June 10, 1932, when they were reduced and they were finally stopped in July, 1933. In February, 1934, the wife brought an action against her husband in the Supreme Court, Albany County, on an alleged oral agreement to pay her alimony. This action was tried and resulted in a verdict

of no cause of action in favor of the husband. An appeal was taken and this court unanimously affirmed the judgment of the trial term. (See *Ross* v. *Ross*, 252 App. Div. 831.) Now the wife has moved to vacate the decree of separation and for a new trial, or in the alternative that some adequate provision be made for her maintenance and support and that motion has been denied. The grounds alleged in support of this motion are that the oral separation agreement was a fraud upon the court, that the payment of alimony until the defendant consented to a discontinuance of her appeal was a fraud upon the wife, that she did not have a fair trial in the separation action because of the laxity and uncertainty of her counsel, that she was ill at the time of such trial and should not have been compelled to go to trial at that time and that she is now a public charge. No facts appear in the record as to appellant's being a public charge. The two trials already had have disposed of the questions now raised. The judgment in the separation action was in favor of the husband. By it he was relieved from the obligation to support his wife. The judgment in the action based upon the alleged oral separation agreement constitutes a final finding that there was no such agreement. Order affirmed without costs. Crapser, Bliss, Schenck and Foster, JJ., concur; Hill, P. J., dissents. The decree should be vacated under section 108 of the Civil Practice Act.